| WILLIE BARNES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV1120 |
| | ) | |
| GREENSBORO LIVING CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |


## MEMORANDUM OPINION, ORDER AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed with Plaintiff's pro se form Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous and for failure to state a claim.

### LEGAL BACKGROUND

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under

[Section 1915] d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides (in relevant part) that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the

2

complaint does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is <u>plausible</u> on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Id.</u>[1]

## DISCUSSION

The Complaint names as Defendants: 1) Greensboro Living Center; 2) Clifford E. Hemingway; and 3) Greensboro Holdings, LLC.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read <u>Erickson</u> to undermine <u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); <u>accord</u> <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Iqbal</u>, 556 U.S. at 679, respectively)).

(Docket Entry 2 at 1-2.) However, neither the Complaint nor any attachments thereto identify Defendants Hemingway and Greensboro Holdings, LLC or attribute any action (or inaction) to them. (See id. at 1-4; Docket Entry 2-1 at 1-12.)[2] This circumstance warrants summary dismissal of the Complaint as to Defendants Hemingway and Greensboro Holdings, LLC under Section 1915(e)(2)(ii). See, e.g., Thompson v. United States Gov't, Civ. No. 09-3219 (JRT/RLE), 2010 WL 3033790, at *3 (D. Minn. Mar. 4, 2010) (unpublished) ("[T]he Plaintiff has failed to plead an actionable claim against the named Defendants, because his Complaint does not describe any acts, or failures to act, by the Defendants, which violated his rights. Indeed, the Complaint does not describe any acts, or omissions of any kind, that are attributable to any of the named Defendants.").

Further, the Complaint fails to clearly identify any discrete cause of action. (See Docket Entry 2 at 1-4.) This failing warrants summary dismissal of the Complaint against all Defendants under Section 1915(e)(2)(ii). See, e.g., Reid v. Berkman, No. 1:11CV2159, 2011 WL 6817703, at *3 (N.D. Ohio Dec. 28, 2011) (unpublished) ("[A] plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on defendants

---

[2] The Complaint also fails to identify Defendant Greensboro Living Center in any way or to attribute any action (or inaction) directly to said Defendant (see Docket Entry 2 at 1-4); however, some of the attachments to the Complaint appear to refer to Defendant Greensboro Living Center as Plaintiff's employer (see Docket Entry 2-1 at 2, 4, 12).

4

to speculate about the potential claims that a plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.").

Finally, even if the Court assumed all three Defendants employed Plaintiff and jointly committed all acts alleged in the Complaint and the Court then guessed from those allegations that Plaintiff intended to assert a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 et seq., the Complaint fails to state a claim against Defendants (or, indeed, any possible defendant), such that the Court should dismiss the Complaint with prejudice pursuant to Section 1915(e)(2)(i) and (ii).

In relevant part, the Complaint alleges the following:

1) "[Plaintiff] had been with the Respondent since <u>March 2009</u>" (Docket Entry 2 at 2 (emphasis added));[3]

2) "[Plaintiff] suffer[s] from a medical condition . . . [and] had been out on medical leave since on or about <u>January 28, 2010</u>" (<u>id.</u> (emphasis added); <u>see also</u> Docket Entry 2-1 at 6 (setting out, on apparent letterhead of "Moses Cone Health System" and over apparent signature of "Steven Barnett, MD," that Plaintiff "was hospitalized at the Moses Cone Health System from 1/28/2010 through 2/05/2010" and that "[h]e may return to work on 2/17/2010"), 11

---

[3] The hand-written portions of the Complaint do not use a consistent pattern of capitalization. (<u>See</u> Docket Entry 2 at 1-4.) For ease of reading, when quoting such parts of the Complaint, this Memorandum Opinion employs standard capitalization conventions.

(documenting, under heading "CERTIFICATE FOR RETURN TO SCHOOL OR WORK" dated "04/13/2010" and over apparent signature of "Kofi Doonquah, MD," that Plaintiff "has been under [Dr. Doonquah's] care from February 16, 2010 to April 13, 2010 and is able to return to work or school on April 14, 2010"));

3) on an unspecified date during the foregoing medical leave, Plaintiff "went to see [his] employer to get [his] continuation form signed . . . for [his] insurance company to pay [his] short trem [sic] claim . . . [and] [w]hen [he] got there [he] met a man from [the] corporate office [and an] Assistant Director . . . [who first told Plaintiff] to wait in the dinning [sic] room . . . [and then] ma[d]e like [he] never had work[ed] there . . . [despite the fact that he was] the head cook" (Docket Entry 2 at 2-3);

4) "[o]n or about April 6, 2010 [Plaintiff] was teminted [sic] from [his] position as a full-time head cook" (id. at 2);

5) on April 13, 2010, "[t]he doctor cleared [Plaintiff] to go back to work on the [sic] 4-14-2010" (id. at 4; see also Docket Entry 2-1 at 11 (reporting, under heading "CERTIFICATE FOR RETURN TO SCHOOL OR WORK" dated "04/13/2010" and over apparent signature of "Kofi Doonquah, MD," that Plaintiff "is able to return to work or school on April 14, 2010")); and

6) after receiving such clearance on April 13, 2010, Plaintiff "call[ed] and let [the] Assistant Director know . . . [whereafter] [s]he call[ed] [Plaintiff] back and said they made a mistake [in

6

that he] was hire[d] but part time and there was no work for [him] now . . . [when, in fact, he] was never hire[d] part time" (Docket Entry 2 at 4).

The Complaint thus arguably attempts to assert a cause of action based on the theory that Defendants wrongfully fired Plaintiff from his full-time, head cook job because he took medical leave and/or wrongfully refused to allow Plaintiff to return to that position after his medical leave. If Plaintiff indeed seeks to make such a claim, it would fall under the FMLA, which Congress enacted "to balance the demands of the workplace with the needs of employees to take leave for eligible medical conditions," Hukill v. Auto Care, Inc., 192 F.3d 437, 441 (4th Cir. 1999).

Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1) (emphasis added). Generally, "any eligible employee who takes [such] leave . . . shall be entitled, on return from such leave -- (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position . . . ." 29 U.S.C. § 2614(a)(1) (emphasis added). Further, the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any [such] right," 29

7

U.S.C. § 2615(a)(1) (emphasis added), and renders "[a]ny <u>employer</u> who violates [that proscription] . . . liable to any <u>eligible</u> <u>employee</u> affected . . . for damages . . . [and] equitable relief as may be appropriate," 29 U.S.C. § 2617(a)(1) (emphasis added).

Accordingly, among other things, "[t]o establish unlawful interference with an entitlement to FMLA benefits, an employee must prove that:   (1) she was an <u>eligible employee</u>; [and] (2) her <u>employer</u> was covered by the statute[.]" <u>Rodriquez v. Smithfield</u> <u>Packing Co., Inc.</u>, 545 F. Supp. 2d 508, 516 (D. Md. 2008) (citing <u>Edgar v. JAC Prods., Inc.</u>, 443 F.3d 501, 507 (6th Cir. 2006)) (emphasis added).   The FMLA defines "eligible employee" as "an employee who has been employed -- (i) <u>for at least 12 months by the</u> <u>employer with respect to whom leave is requested</u> under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period."   29 U.S.C. § 2611(2)(A) (emphasis added).[4]  It also states, in relevant part, that "[t]he term 'employer' -- (i) means any person engaged in commerce or in any industry or activity affecting commerce <u>who</u> <u>employs 50 or more employees for each working day during each of 20</u> <u>or more calendar workweeks in the current or preceding calendar</u> <u>year</u>; [and] (ii) includes -- (I) any person who acts, directly or

---

[4] The FMLA's definition of "eligible employee" also excludes "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."  29 U.S.C. § 2611(2)(B).

indirectly, in the interest of an employer to any of the employees of such employer; and (II) any successor in interest of an employer[.]" 29 U.S.C. § 2611(4)(A) (emphasis added).

In this case, neither the Complaint nor its attachments contain factual allegations sufficient to show that Defendants (or whatever entities or persons employed Plaintiff) were "covered by the statute," Rodriquez, 545 F. Supp. 2d at 516, i.e., "employ[ed] 50 or more employees for each working day during each of 20 or more calendar workweeks in [2009 or 2010]," 29 U.S.C. § 2611(4)(A)(i). (See Docket Entry 2 at 1-5; Docket Entry 2-1 at 1-12.) Even more significantly, the Complaint expressly alleges facts which establish, as a matter of law, that Plaintiff does not qualify as an "eligible employee." Specifically, the Complaint states that Plaintiff "had been with [his employer] since March 2009" (Docket Entry 2 at 2 (emphasis added)) and that Plaintiff went out on medical leave "on or about January 28, 2010" (id. (emphasis added)). Accordingly, the allegations of the Complaint conclusively demonstrate that Plaintiff had not been employed "for at least 12 months by [his] employer with respect to whom leave [wa]s requested," 29 U.S.C. § 2611(2)(A)(i).

CONCLUSION

The Complaint in this case does not state a viable cause of action against Defendants. Indeed, the allegations of the Complaint establish that the only arguable claim set forth therein

9

fails as a matter of law as to any possible defendant. Under these circumstances, the deficiencies of the Complaint stand out so clearly as to render this action frivolous and to warrant its dismissal with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's instant Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(i) and (ii), as frivolous and for failure to state a claim.

   /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 20, 2012